CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 04 2013

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Action No. 7:06CR00035 |
| | ) | Civil Action No. 7:12CV80511 |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| WILLIAM ALEXANDER SWING, II, | ) | |
| | ) | By: Hon. Glen E. Conrad |
| Defendant. | ) | Chief United States District Judge |

William Alexander Swing, II, a federal inmate proceeding pro se, filed this action as a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. The government has filed a motion to dismiss. Swing has not responded and the time allotted for his response has passed, making the matter ripe for disposition. For the reasons that follow, the court concludes that the defendant's claim is untimely and is legally without merit. Therefore, the court grants the government's motion to dismiss and Swing's motion to vacate is denied.

## Background

On April 13, 2006, Swing and co-defendant, Grant Eckmond Slaughter, were named in a seven-count indictment returned by a grand jury in the Western District of Virginia. Counts One and Six charged Swing with possession of firearms after having been convicted of a felony, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). Count Two charged him with interstate transportation of stolen firearms, in violation of 18 U.S.C. §§ 922(i) and 924(a)(2). Counts Three and Seven charged Swing with possession of stolen firearms, in violation of 18 U.S.C. §§ 922(j) and 924(a)(2).

On June 19, 2006, Swing entered pleas of guilty to Counts One and Two of the indictment, pursuant to a written plea agreement. In accordance with the agreement, Swing

acknowledged that he was subject to a fifteen-year mandatory minimum sentence under the Armed Career Criminal Act, 18 U.S.C § 924(e).

Prior to the sentencing hearing, a probation officer prepared a presentence investigation report. The probation officer determined that Swing was subject to a base offense level of 24 for the firearm offenses to which he pled guilty. Additionally, Swing received a four-level enhancement for possession of between eight and twenty-four firearms, a two-level enhancement for possession of stolen firearms, a four-level enhancement for possession of firearms in connection with another felony offense—drug trafficking activities—and a three-level reduction for acceptance of responsibility, resulting in a total offense level of 31. When combined with a criminal history category of VI, Swing's total offense level gave rise to a range of imprisonment of 188 to 235 months under the Sentencing Guidelines.

The probation officer further determined that Swing qualified as an armed career criminal, and that he was subject to an enhanced sentence under 18 U.S.C. § 924(e) and § 4B1.4 of the Sentencing Guidelines. The probation officer applied §§ 4B1.4(b)(3)(A) and (c)(2), which provide harsher penalties to those who possess a firearm in connection with a controlled substance offense. Under these sections, Swing's total offense level was 31, his criminal history category was VI, and the resulting guidelines range was 188 to 235 months, the same range that was found to apply in the absence of the armed career criminal designation.

On September 15, 2006, the Honorable James A. Beaty, Jr., U.S. District Judge, conducted Swing's sentencing hearing. At the start of the hearing, Swing confirmed that he had received the opportunity to review the presentence investigation report to his satisfaction. (Sentencing Tr. at 2.) Swing's attorney also confirmed that Swing fully understood the pre-sentence report and the impact the report would have on the sentencing hearing. (Id. at 3.)

Swing's attorney advised Judge Beaty that the defendant had no objections to the factual findings made in the report or the probation officer's proposed application of the Sentencing Guidelines. (Id.) Consequently, Judge Beaty adopted the report, finding that Swing qualified as an armed career criminal, and that his total offense level and criminal history category gave rise to a recommended term of imprisonment of 188 to 235 months. (Id.) Judge Beaty noted, however, that the armed career criminal designation had no substantial effect, since his criminal history and special offense characteristics resulted in the same guidelines range level without the armed career criminal designation. (Id. at 4.) After considering the factors set forth in 18 U.S.C. § 3553(a), Judge Beaty sentenced Swing to a prison term of 220 months.

On August 27, 2012, Swing executed the instant motion to vacate under 28 U.S.C. § 2255, and the motion was assigned to the undersigned district judge. The court filed the § 2255 motion conditionally, notified Swing that it appeared to be untimely under 28 U.S.C. § 2255(f), and granted him the opportunity to submit any additional evidence and argument on the issue of timeliness, which has been received. The government has moved to dismiss the motion, arguing that the asserted claim is without merit. The defendant did not file a response to the government's motion within the allotted time period. The matter is now ripe for review.

## Discussion

In moving to vacate his convictions and sentence, Swing argues that his sentence is no longer valid in light of the United States Court of Appeals for the Fourth Circuit's decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). Upon review of the record, the court concludes that the motion is untimely, and that the defendant cannot rely on Simmons as a ground for collateral relief under § 2255. Accordingly, the court will grant the government's motion.

Claims under § 2255 are timely if a person convicted of a federal offense files a § 2255 motion within one year, starting from the latest of the following:

(1) the date on which the judgment of conviction becomes final;
(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f) (2012). Unless the defendant appeals, the defendant's conviction becomes final when his opportunity to appeal passes. See Clay v. United States, 537 U.S. 522, 524–25, (2003). Where the district court provides the defendant notice that the motion appears to be untimely and allows the defendant an opportunity to offer any argument and evidence regarding timeliness, and the defendant fails to make the necessary showing, the district court may summarily dismiss the motion. See Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002). Even though the United States does not raise a statute of limitations defense in its motion to dismiss, that motion also presents no suggestion that the United States intends to waive this defense.

Because Swing did not appeal the judgment against him on September 15, 2006, his conviction became final on September 29, 2006, when his opportunity for appeal expired.[1] Thus, Swing had until September 29, 2007 to file a timely § 2255 motion. Since he did not file his § 2255 motion until August 27, 2012, his motion is untimely under § 2255(f)(1).

Swing argues that his motion is timely under § 2255(f)(3), because he filed his motion within one year of the decision in Simmons, which held that in deciding whether to enhance

---

[1] See Fed. R. App. P. 4(b)(1)(A) (former version, granting 10 days from judgment to file notice of appeal); Fed. R. App. P. 26(a) (former version, excluding weekend days and holidays from computation of time periods of 11 days or less and providing that a time period ending on a weekend day or holiday would conclude on the next day that was not a weekend or a holiday).

4

federal sentences based on North Carolina convictions, a court must look to the actual, not hypothetical, aggravating factors and criminal history of the defendant. See Simmons, 649 F.3d at 241. Swing claims that his § 2255 motion is timely under § 2255(f)(3) because he filed it within one year of the Simmons decision. This claim is without merit. The Simmons decision cannot trigger the application of § 2255(f)(3), because § 2255(f)(3) only applies to claims based on a right newly recognized by a Supreme Court decision. The Fourth Circuit, in Simmons, followed the Supreme Court's decision in Carachuri-Rosendo v. Holder, 130 S. Ct. 2577 (2010). In order for Swing's § 2255 motion to be timely under this subsection, he needed to file his motion within one year of the Carachuri-Rosendo decision. Carachuri-Rosendo was decided on June 14, 2010. Since Swing did not file his § 2255 motion until August 2012, he cannot rely on that case to render his motion timely under § 2255(f)(3).

The court further concludes that Swing cannot achieve § 2255 relief under Simmons, even if Swing could demonstrate that his § 2255 motion is timely, or that the limitation period should be equitably tolled. In United States v. Powell, 691 F.3d 554, 557 (4th Cir. 2012), the Fourth Circuit explained that "well established legal rules—old rules—are applicable on collateral review, while new rules generally are not." Only two categories of new legal rules are applied on collateral review: (1) new substantive rules that "alter[] the range of conduct or class of the persons that the law punishes," and (2) new procedural rules that "are watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding." Powell, 691 F 3d. at 588 (internal quotation and citation omitted). In Powell, the Fourth Circuit held that "Carachuri is a procedural rule . . . not retroactively applicable to cases on collateral review." Id. at 560.

5

Because the <u>Simmons</u> analysis is merely an extension of the <u>Carachuri-Rosendo</u> ruling, the <u>Simmons</u> decision is a procedural rule that also cannot apply retroactively to cases on collateral review. Thus, Swing cannot rely on <u>Simmons</u> to make his § 2255 motion timely under any subsection of § 2255(f), nor can Swing rely on its holding as a ground for collateral relief under § 2255 itself.

## Conclusion

For the reasons stated, Swing's claim is untimely and not subject to review under § 2255. Therefore, the court will grant the government's motion to dismiss and deny Swing's motion to vacate. Additionally, because Swing has failed to demonstrate "a substantial showing of the denial of a constitutional right," the court will deny a certificate of appealability. <u>See</u> 28 U.S.C. § 2253(c).

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the defendant and all counsel of record.

ENTER: This 3rd day of June, 2013.

_____
Chief United States District Judge